IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA VAN HAFTEN,

                        Petitioner,                        OPINION and ORDER

    v.

                                                        19-cv-152-jdp

UNITED STATES OF AMERICA,                  15-cr-37-jdp

                        Respondent.

---

Joshua Van Haften pleaded guilty to violating 18 U.S.C. § 2339B(a)(1), which prohibits "knowingly provid[ing] material support or resources to a foreign terrorist organization, or attempt[ing] or conspir[ing] to do so." In this case, Van Haften admitted that he attempted to provide material support to ISIS by travelling from Wisconsin to Turkey with the intent to enter Syria and join the organization. After pleading guilty, he appealed his sentence, but the court of appeals affirmed. *See United States v. Van Haften,* 881 F.3d 543 (7th Cir. 2018). Now Van Haften seeks relief under 28 U.S.C. § 2255 on the ground that counsel provided him ineffective assistance by failing to explain the mental state requirement in § 2339B(a)(1) before Van Haften pleaded guilty. For the reasons set forth below, I will deny the petition.

ANALYSIS

As an initial matter, Van Haften doesn't apply the relevant standard of review for a claim of ineffective assistance of counsel, which is whether: (1) counsel's performance was deficient under an "an objective standard of reasonableness"; and (2) Van Haften was prejudiced, meaning that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v.*

*Washington*, 466 U.S. 668, 687–88, 694 (1984). Instead, Van Haften frames his claim as one challenging the sufficiency of the evidence. Specifically, Van Haften contends that the government didn't have sufficient evidence to show that he knew that ISIS was a terrorist organization or had engaged in terrorism or terrorist activity, which is one of the elements of his crime.[1] But Van Haften waived that type of claim by pleading guilty. *United States v. Langner*, 668 F. App'x 168, 169 (7th Cir. 2016) ("By pleading guilty, [the defendant] waived his right to contest the sufficiency of the evidence."). And "the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review," *Bousley v. United States*, 523 U.S. 614, 621 (1998), which Van Haften didn't do in this case. So a claim for ineffective assistance of counsel is Van Haften's only option. *Vinyard v. United States*, 804 F.3d 1218, 1226–27 (7th Cir. 2015) ("[I]neffective-assistance claims need not be presented on direct appeal to preserve them for collateral attack under § 2255."); *see also Avila v. Richardson*, 751 F.3d 534, 536–37 (7th Cir. 2014) ("[A] criminal defendant who pleads guilty on the advice of counsel can challenge that plea as having not been made knowingly and voluntarily if his attorney's representation fell below an objectively reasonable standard."). By failing to apply the *Strickland* standard, Van Haften has failed to show that counsel was constitutionally ineffective.

Even if I conduct the *Strickland* analysis on Van Haften's behalf, his petition still fails. A petitioner isn't entitled to a hearing on an ineffective assistance claim if his only support is

---

[1] The knowledge requirement is satisfied if the defendant knew at least one of three things: (1) the organization is a designated terrorist organization (as defined in subsection (g)(6)); (2) the organization has engaged or engages in terrorist activity (as defined in section 212(a)(3)(B) of the Immigration and Nationality Act); or (3) the organization has engaged or engages in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989). 18 U.S.C. § 2339B(a)(1).

"vague" or "conclusory" allegations; "the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions." *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006) (internal quotations omitted).[2]

In this case, Van Haften supported his petition with a three-paragraph declaration that is both vague and conclusory. Dkt. 99.[3] One paragraph is devoted to counsel's alleged deficient performance: "The mens rea requirement of 18 U.S.C. § 2339B, and the burden of proof upon the government to establish the requisite knowledge of the nature of ISIS, was not explained to me by counsel." *Id.*, ¶ 2. That's it. He doesn't describe the conversations that he had with counsel, which is important because Van Haften testified under oath at the plea hearing that he discussed with counsel "the nature of the charges" against him and possible "defenses to the charges." Dkt. 86, at 6–7. The court of appeals has held repeatedly that a petitioner can't undermine a plea by contradicting prior sworn testimony, at least in the absence of a "compelling explanation," which Van Haften doesn't provide. *See United States v. Collins*, 796 F.3d 829, 834 (7th Cir. 2015); *United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005).

---

[2] Van Haften seems to assume that success on his petition means that I would dismiss the indictment, but that is incorrect. If I concluded that Van Haften adequately alleged an ineffective assistance claim, I would first have to hold an evidentiary hearing to make findings of fact about what advice counsel did or didn't give to Van Haften and about what Van Haften likely would have done if counsel had given the advice that Van Haften says he should have received. *See* 28 U.S.C. § 2255(b); *Spiller v. United States*, 855 F.3d 751, 753 (7th Cir. 2017). And even if I ruled in Van Haften's favor on those issues, his relief would not be dismissal of the indictment, but the right to withdraw his plea and proceed to trial. *See, e.g., Lee v. United States*, 137 S. Ct. 1958, 1967 (2017); *see also United States v. Blaylock,* 20 F.3d 1458, 1468 (9th Cir. 1994) ("[T]he remedy for counsel's ineffective assistance should put the defendant back in the position he would have been in if the Sixth Amendment violation had not occurred.").

[3] Record citations are to No. 15-cv-37-jdp unless otherwise noted.

Also, Van Haften admits that he reviewed the indictment, which alleges that he knew that ISIS "had engaged and was engaging in terrorist activity and terrorism," *see* Dkt. 11, but he doesn't explain what he believed that allegation meant. He doesn't explain how or when he learned how § 2339B defines "terrorism" and "terrorist activity." He doesn't even deny that he understood the knowledge requirement in § 2339B when he pleaded guilty or that he actually knew that ISIS was a terrorist organization within the meaning of § 2339B. In fact, at the plea hearing, the government identified each element of the crime, stating that "the knowledge element requires [Van Haften's] knowledge that [ISIS] engaged in . . . terrorist activity." Dkt. 86, at 28. At the conclusion of the government's summary of the elements and the evidence in support of those elements, Van Haften answered "yes" in response to the court's question, "Can the government prove what [it] just reviewed?" *Id.* at 29. In light of Van Haften's testimony at the plea hearing, a conclusory allegation in a declaration isn't enough to support his claim for ineffective assistance of counsel.

Van Haften also fails to support his allegation that he would have taken his chances at trial if counsel had explained the statutory definitions of "terrorism" and "terrorist activity." *See Hutchings v. United States,* 618 F.3d 693, 697 (7th Cir. 2010) ("[T]he petitioner must do more than simply allege that he would have insisted on going to trial; he must also come forward with objective evidence that he would not have pled guilty."). Van Haften's petition seems to rest on the view that he wouldn't have pleaded guilty had counsel properly advised him because: (1) the government didn't have any evidence that he knew that ISIS engaged in terrorism or terrorist activity within the meaning of § 2339B; and (2) the indictment would have been dismissed by the court before trial for lack of evidence. Both of these assumptions are incorrect.

4

The second assumption is incorrect because a criminal defendant cannot obtain dismissal of an indictment for insufficiency of evidence prior to trial. "Challenging the government's ability to prove its case cannot lead to pretrial dismissal of charges because the vehicle of summary judgment does not exist in criminal cases." *United States v. Romero,* No. 04-CR-164-C-1, 2005 WL 1957897, at *1 (W.D. Wis. Aug. 10, 2005) (citing *United States v. Thomas,* 150 F.3d 743, 747 (7th Cir. 1998)).

The first assumption is incorrect because there is ample evidence in the record to support a finding that Van Haften knew when he travelled to the Middle East that ISIS engaged in terrorist activity, something competent counsel would have told Van Haften. The definitions of "terrorism" and "terrorist activity" in § 2339B encompass a wide range of behavior, including: (1) unlawful activity that involves a "weapon . . . with intent to endanger, directly or indirectly, the safety of one or more individuals," 8 U.S.C. § 1182(a)(3)(B)(iii)(V)(b); and (2) "premeditated, politically motivated violence perpetrated against noncombatant targets by subnational groups or clandestine agents," *United States v. Ahmed*, 94 F. Supp. 3d 394, 407 n.2 (E.D.N.Y. 2015) (citing PL 100–204 (HR 1777), PL 100–204, December 22, 1987, 101 Stat 1331).

The record in this case includes the following evidence, some of which was cited by the court of appeals, that Van Haften knew during the relevant time period that ISIS engaged in terrorism and terrorist activity as defined above:

- he "liked" a photo on social media depicting the beheading of journalist James Foley by ISIS; in the comments section, Van Haften wrote, "we get an[] eye for an eye fool," Dkt. 74, ¶ 35;[4]

---

[4] In his reply brief, Van Haften challenges the relevance of this evidence because it is a social media post from September 30, 2014, which he says was after he stopped trying to enter Syria to join ISIS. But the indictment alleges that Van Haften's attempt occurred between August 26, 2014, and October 27, 2014. Van Haften didn't challenge the scope of the indictment at

5

- he stated that he wanted help ISIS "enslave Americans and kill Bush and Obama, [whose] children and grandchildren will be sold as slaves at our markets," *Van Haften*, 881 F.3d at 544;

- he stated that he wished "death to [Americans] and their little children" and proclaimed that he would "show [them] who [they're] really fu[c]kin wit[h]," *id.;* Dkt. 74, ¶ 43;

- he stated that was "gonna kill . . . some American solider boys," *Van Haften*, 881 F.3d at 544; Dkt. 74, ¶ 43;

- he stated that "they call Usama bin Laden, Al Qaeda, and the Khilafah known to Americans as ISIS as terrorists," Dkt. 74, ¶ 44;

- he "liked" a social media post that included the following quotation attributed to Osama bin Laden: "If avenging the killing of our people is terrorism, if killing those who kill our children is terrorism, then history should be a witness that we are terrorists," Dkt. 86, at 27; Dkt. 74, ¶ 42;

- he stated that "there is nothing greater than having my blood spilled in the battlefield against the enemies of Allah," Dkt. 86, at 26.

This is strong evidence that Van Haften knew that ISIS was engaging in terrorist activity and that such activity was at least part of the reason why he wanted to join the group. In his reply brief, Van Haften says that the above evidence might not be admissible at trial and that his counsel was ineffective for failing to object to that evidence, but he provides no basis for either contention.

In sum, I conclude that Van Haften hasn't adequately alleged either that counsel performed deficiently or that Van Haften was prejudiced. So I will deny his § 2255 petition.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order. To obtain a certificate of

---

the plea hearing or on appeal. And he doesn't explain how any failure to object is the result of ineffective assistance, so this argument is forfeited.

appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. For the reasons already stated, I conclude that Van Haften's motion under 28 U.S.C. § 2255 is without merit. Because reasonable jurists would not debate whether a different result was required, no certificate of appealability will issue.

## ORDER

IT IS ORDERED that:

1. Joshua Van Haften's petition under 28 U.S.C. § 2255 is DENIED.

2. Van Haften is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered October 16, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge